IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MICHAEL KIRBY,

      Appellant/Cross-Appellee,

v.

      Case No.  5D21-304
      LT Case No. 2016-DR-17983

STEPHANIE KIRBY,

      Appellee/Cross-Appellant.

_____/

Opinion filed May 6, 2022

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Nancy A. Hass, of Nancy A.
Hass, P.A., Fort Lauderdale,
for Appellant/Cross-Appellee.

Elizabeth Siano Harris, of Harris
Appellate Law Office, Mims, for
Appellee/Cross-Appellant.


WALLIS, J.

      Michael Kirby (Former Husband) appeals the Amended Final

Judgment that dissolved his marriage to Stephanie Kirby (Former Wife),

awarded her permanent periodic alimony, and distributed their marital assets. He also appeals a separate Amended Order on Attorney's Fees and Costs, which required that he pay Former Wife $125,000 in attorney's fees. Because several errors occurred below, we reverse the Amended Final Judgment and the Amended Order on Attorney's Fees and Costs, and remand for further proceedings.

Former Husband and Former Wife were married for approximately twenty years at the time that Former Husband filed for divorce. After a lengthy trial, the lower court entered the Amended Final Judgment, which ordered that Former Husband pay Former Wife $8,000 per month in permanent periodic alimony. Former Husband concedes on appeal that Former Wife is entitled to permanent periodic alimony given the length of the parties' marriage. He argues, however, that the trial court erred in awarding Former Wife $8,000 per month in permanent periodic alimony because it erroneously relied on his past gross incomes, and he does not currently have the ability to pay the alimony amount ordered.

Although the Amended Final Judgment set forth numerous findings of fact regarding the parties' gross incomes, the only reference to Former Husband's net monthly income specifically states that that figure was for child support purposes only. The Amended Final Judgment made no other

2

findings of fact related to Former Husband's net income for purposes of calculating alimony. Thus, it appears that the trial court relied on Former Husband's gross income when calculating his alimony obligation. This is reversible error. See Gilliard v. Gilliard, 162 So. 3d 1147, 1154 (Fla. 5th DCA 2015) ("We find that the trial court erred in its award of permanent periodic alimony because the court based the award of alimony on Former Husband's monthly *gross* income. A party's ability to pay alimony should be based on the party's net income; not gross income.").

Moreover, if we rely on Former Husband's monthly net income that the trial court used for child support purposes, his alimony obligation equals approximately 60% of his monthly net income. However, the trial court did not make any findings regarding Former Husband's ability to pay $8,000 per month in alimony and it is unclear from the record whether he has the ability to make this payment and still afford to pay his own living expenses. This too requires reversal. See Lambert v. Lambert, 955 So. 2d 35, 37–38 (Fla. 3d DCA 2007) (holding that trial court abused its discretion in ordering former husband to pay alimony amount that was 60% of his net monthly income and will leave him with approximately $1,000 per month for his own support); Mauck v. Mauck, 702 So. 2d 1311, 1313 (Fla. 5th DCA 1997) (holding that trial court erred in requiring former husband to pay alimony and other

3

obligations that exceeded one-half of his income and was beyond his ability to pay).

For these reasons, we reverse the Amended Final Judgment and Amended Order on Attorney's Fees and Costs, and remand for the trial court to reconsider the alimony award based upon the parties' monthly net incomes and the other factors set forth in section 61.08(2), Florida Statutes. On remand, the trial court is instructed to reconsider its attorney's fees award and equitable distribution scheme because any change to the permanent periodic alimony award will necessarily affect these calculations. See Gilliard, 162 So. 3d at 1152–53. We take no position on the remaining issues that Former Husband raises on appeal.

REVERSED and REMANDED with Instructions.

SASSO and WOZNIAK, JJ., concur.

4